UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES A. BOYD, | ) |
| Plaintiff, | ) CASE NO.   C06-360-MJP-JPD |
| v. | ) |
| DR. MARC STERN, *et al.*, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO COMPEL |
| Defendants. | ) |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his civil rights complaint that defendants have denied him necessary treatment for his Hepatitis C in violation of his right to be free from cruel and unusual punishment and his right to equal protection. Currently before the Court is plaintiff's motion for an order to compel discovery. At issue is a document which plaintiff requested from defendants in his first set of interrogatories and requests for production but which defendants refused to produce.

Specifically, plaintiff asked defendants to produce "a copy of the number of inmates in the Washington Dept. of Corrections, (Black, White, Native and Hispanic), who have been

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL
PAGE - 1

1  retreated with pegylated interferon and ribaviron (sic), after failing to respond to interferon and

2  ribaviron (sic), this did not include the identity or medical records of these inmates." Defendants

3  responded that this request was "not reasonably calculated to lead to the discovery of admissible

4  evidence, as it seeks information relating to inmates who are not parties to this lawsuit." Plaintiff

5  maintains that this information is relevant to his equal protection claim.

6        Defendants oppose the instant motion on several grounds. Defendants argue that plaintiff

7  failed to give reasonable notice to defendants before applying for an order compelling discovery

8  as required by Fed. R. Civ. P. 37(a). Defendants further argue that plaintiff failed to make a

9  good-faith effort to confer with defendants, or to certify that he had attempted to do so, prior to

10 filing his motion. Finally, defendants argue that the information being sought by plaintiff is not a

11 required disclosure under either Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 34(a) because plaintiff

12 seeks production of a "number" and not a document or tangible thing.

13       Plaintiff appears to concede in his reply brief that he did not fully comply with all

14 procedural requirements before filing his motion to compel. He attributes this premature filing to

15 the fact that he knew his transfer from one institution to another was imminent. He also requests

16 in his reply brief that defendants be compelled to produce for in camera review the medical

17 records of all inmates within the Washington Department of Corrections who have been re-

18 treated with pegylated interferon and ribavirin if the Court decides that defendants should not be

19 compelled to produce the document he originally requested.

20       Plaintiff's motion for an order compelling discovery is subject to denial on procedural

21 grounds as the record makes clear that plaintiff did not give reasonable notice to defendants

22 before filing his motion nor did he certify that he made a good faith effort to meet and confer

23 with defendants before filing his motion. Moreover, the Court is not satisfied, based upon its

24 review of

25 ORDER DENYING PLAINTIFF'S
   MOTION TO COMPEL
26 PAGE - 2

1 the record, that the information being sought by plaintiff is discoverable. For all of these reasons,

2 plaintiff's motion to compel (Dkt. No. 21) is denied.

3    The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants,

4 and to the Honorable Marsha J. Pechman.

5    DATED this 5th day of November, 2006.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL
PAGE - 3