UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES A. BOYD,

        Plaintiff,

  v.

DR. MARC STERN, et al.,

        Defendants.

No. CV06-360 MJP

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       This matter comes before the Court on a report and recommendation by the Honorable James P. Donohue, United States Magistrate Judge, on Defendants' motion for summary judgment. Having reviewed the report and recommendation, Plaintiff's objections, and the balance of the record, the Court ADOPTS the report and recommendation in part. Defendants are entitled to summary judgment on Plaintiff's federal claims. To the extent Plaintiff may intend to bring state-law claims, the Court declines to exercise supplemental jurisdiction and dismisses such claims without prejudice.

       The reasons for the Court's order are stated below.

**Background**

       Judge Donohue's report and recommendation contains extensive factual findings which the Court need not restate here. Accordingly, the Court adopts the factual summary included in the report and recommendation with two exceptions, although both are immaterial to the disposition of

ORDER - 1

Plaintiff's claims. First, the Court does not adopt the report and recommendation's finding that "[t]he [Kansas Department of Corrections] denied treatment with pegylated interferon and ribavirin . . . ." (R&R at 3.) Plaintiff offers a letter from the Kansas Department of Corrections stating that it had "received no request for reimbursement of the special medications that [plaintiff] request[s]." (Dkt. No. 48, Ex. 7.) Although this letter is sufficient to at least raise a question of fact on this issue, this fact issue is not material. Second, the Court does not adopt the report and recommendation's finding that "the deterioration which plaintiff references appears to cover a time period during which he was receiving his original treatment and preceded defendants' decision to deny him re-treatment." (R&R at 7 n.4.) Plaintiff correctly states in his objections that new testing has revealed an increase in hepatocellular iron in his system, two years after the conclusion of his original treatment regimen. The Court does not adopt the findings of the report and recommendation with respect to these two points.

**Analysis**

In his objections, Plaintiff raises the same arguments that he raised before Judge Donohue and reiterates his claim that Defendants' decision not to recommend re-treatment of Plaintiff's hepatitis violated his Eighth Amendment rights.

To establish an Eighth Amendment violation, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). But a showing of nothing more than a difference of medical opinion is insufficient to establish deliberate indifference. Id. (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)). To prevail under such circumstances, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and that they chose this course in conscious disregard of an excessive risk to the plaintiff's health. Jackson, 90 F.3d at 332.

The report and recommendation fully explains that the decision to deny re-treatment was based on a thorough medical analysis of Plaintiff's condition. Although Plaintiff argues that the Defendants' decision was wrong because it ignored the recommendation of Dr. Reza Dehkordi, at

ORDER - 2

most Dr. Dehkordi's medical analysis represents a difference of medical opinion, which is insufficient to establish an Eighth Amendment violation.[1] Plaintiff offers no evidence suggesting that Defendants' decision was medically unacceptable under the circumstances, and no evidence suggesting that the decision to deny re-treatment was made with conscious disregard to the risk to Plaintiff's health. To the contrary, the decision was made only after careful consideration of the risks to Plaintiff's health. In addition, the cases cited by Plaintiff in his objections are inapposite. They merely restate the general rules for analysis in Eighth Amendment cases and do not address Plaintiff's failure to present evidence in support of his claims.

Although Plaintiff raised three other claims in his complaint, he does not object to the recommended dismissal of any of these claims. The Court agrees with Judge Donohue that Plaintiff's Fourteenth Amendment claims and his claims under the Civil Rights of Institutionalized Persons Act ("CRIPA") should be dismissed. First, Plaintiff presented no evidence that Defendants' decision to deny him re-treatment was based on his race, which is required to prove a violation of the Fourteenth Amendment's equal protection clause. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Defendants explained that race was only considered as a scientific factor in determining the likelihood of successful re-treatment. (Dkt. No. 33, Khurshid Decl. ¶¶ 6-8.) Plaintiff presented no evidence demonstrating that Defendants' conduct in this regard was improper. Second, Plaintiff's CRIPA claims were properly dismissed because CRIPA does not create a private cause of action and does not afford Plaintiff a remedy.

Plaintiff's complaint also alleges that Defendants violated his rights under Article One, Section Fourteen of the Washington State Constitution. Judge Donohue recommends that the Court decline supplemental jurisdiction over this claim, and appears to suggest that Plaintiff's state-law claim should be dismissed with prejudice. Although Plaintiff did not object to the dismissal of this claim, it is

---

[1] In fact, the examination notes written by Dr. Dehkordi are so illegible that it is unclear whether he made any recommendations at all.

ORDER - 3

not subject to dismissal with prejudice. Because Plaintiff's federal claims have been dismissed, the Court may decline supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367(c)(3). However, the Court cannot dismiss the state claim with prejudice merely because it declines supplemental jurisdiction.

"In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." Bahrampour v. R.O. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (quoting Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1557-58 (9th Cir. 1994)). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here the Court finds that the relevant factors weigh in favor of declining supplemental jurisdiction over Plaintiff's remaining state-law claims against Defendants. With respect to judicial economy, the Court has not expended significant resources in this case. Comity interests would also be advanced by allowing a state court to resolve any remaining state-law disputes, particularly in light of the state constitutional questions raised by Plaintiff. Finally, the Court does not find that declining supplemental jurisdiction would be unfair or significantly inconvenient to the parties. The parties have not spent considerable resources addressing Plaintiff's state-law claims; indeed, Defendants did not address such claims at all in their summary judgment motion nor has Plaintiff addressed such claims in his objections. In addition, all of the material elicited during discovery may be reused in a future state court proceeding. Accordingly, to the extent Plaintiff may intend to bring claims for violations of the Washington State Constitution, the Court declines to exercise supplemental jurisdiction and dismisses without prejudice.

ORDER - 4

**Conclusion**

For the reasons stated above, and because the Court finds that the report and recommendation has addressed and disposed of all of the remaining arguments Plaintiff raises in his objections, the Court ADOPTS in part the report and recommendation by Judge Donohue. Plaintiff's claims under 42 U.S.C. § 1983 and under CRIPA are DISMISSED with prejudice, and Plaintiff's claims under Article One, Section Fourteen of the Washington State Constitution are DISMISSED without prejudice.

The Clerk is directed to send copies of this order to all counsel of record, Plaintiff James A. Boyd, and to the Honorable James P. Donohue.

Dated:   May 2, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 5